FILED
2008 Nov-06 PM 02:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION

PROGRESSIVE DIRECT INSURANCE   }
COMPANY,                       }
                               }
     Plaintiff,                }     CIVIL ACTION NO.
                               }     08-1461-S
v.                             }
                               }
ADRIAN HALL, et al.,           }
                               }
     Defendants.               }
```

**MEMORANDUM OPINION AND ORDER**

The above-styled "would-be" case is a procedural mess. Plaintiff, Progressive Direct Insurance Company ("Progressive"), issued an automobile liability policy to defendant, Adrian Hall ("Adrian"). The policy also covered Adrian's wife, defendant, Jamilla Stewart Hall ("Jamilla"). Progressive seeks a declaration that it owes no defense or indemnity to Adrian and/or to Jamilla with regard to injuries sustained by minors, T'Ana Stewart (T'Ana") and Ty'Ana Stewart ("Ty'Ana"), both of whom were injured in an accident in which they were passengers in the insured automobile driven by Jamilla. In addition to Adrian and Jamilla, the complaint names as a defendant, Arnita Spearman ("Arnita"), the mother and putative next friend of T'Ana and Ty'Ana.

After Arnita failed to answer or otherwise respond to the complaint, Progressive sought and obtained a Clerk's entry of default against her. Although there has been no service of process on T'Ana or Ty'Ana, who are not actually named as defendants but

are described as interested parties, the court appointed Joshua Thompson as *guardian ad litem* for them, and at the court's direction, the *guardian ad litem* filed an answer to the complaint on their behalf.

There is no point in discussing the differing possible interpretations of the language in the insurance policy under the circumstances surrounding this accident until the court can deal with the peculiar procedural posture of the case.  The default against Arnita does not and cannot answer the question that Progressive wants answered.  The default may or may not preclude Arnita, as mother and next friend of her two children, from later filing a suit on their behalf.  At present, however, there is no suit pending by or on behalf of T'Ana and/or Ty'Ana.  The question of Arnita's authority to do so is not presented, and Arnita's default in no way binds T'Ana and/or Ty'Ana.

A. Patrick Ray, III ("Ray"), an attorney licensed to practice in this court, filed an answer to the complaint on behalf of Adrian and Jamilla.  Ray's law firm had notified Progressive that it represents Jamilla, T'Ana, and Ty'Ana, precipitating this declaratory action. Ray also purported to appear for T'Ana and Ty'Ana, but the obvious conflict between T'Ana and Ty'Ana, on the one hand, and Adrian and Jamilla, on the other, precludes any representation of T'Ana and Ty'Ana by Ray or his law firm. Accordingly, the Clerk is DIRECTED to remove Ray as an attorney

appearing for T'Ana and Ty'Ana.  Ray's conflict-of-interest may explain his failure to appear at the status conference held on November 4, 2008, at which the significance of Arnita's default, and what to do next, were discussed.

For aught appearing, there will never be a suit filed by or on behalf of T'Ana and Ty'Ana against Progressive's insureds, Adrian and/or Jamilla.  The court has no power to order the filing of such a suit just in order to create the "case or controversy" that is necessary to confer jurisdiction on this court.  As of now, Progressive seeks an answer to a purely hypothetical question.

Unless **within fourteen (14) days**, one or more of the parties shows good cause in writing why this action should not be dismissed as moot, an order of dismissal without prejudice will be entered.

DONE this 6th day of November, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE