```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

PROGRESSIVE DIRECT INSURANCE   }
COMPANY,                       }
                               }
     Plaintiff,                }      CIVIL ACTION NO.
                               }      08-1461-S
v.                             }
                               }
ADRIAN HALL, et al.,           }
                               }
     Defendants.               }
```

## MEMORANDUM OPINION AND ORDER

The court has before it (1) a motion by plaintiff, Progressive Direct Insurance Company ("Progressive"), for limited relief from the judgment entered on December 30, 2008, (2) Progressive's objection to the so-called bill of costs, and (3) what the guardian ad litem erroneously styled "bill of costs." In Progressive's objection to the so-called cost bill it asserts that "the cost bill was taxed against Progressive by the clerk on January 22, 2009." Nothing could be further from the truth. There has been no purported ruling by the clerk or anyone else on what the court deems to be an application by the guardian ad litem for the fixing of his fee, the amount of which, when determined, will become part of the costs taxed against Progressive in the final judgment entered on December 30, 2008. The court is perplexed as to how Progressive arrived at the idea that the clerk fixed the amount of a guardian ad litem fee.

Insofar as Progressive's Rule 60(b)(6) motion for relief from

the judgment purports to attack the taxation to Progressive of a guardian ad litem fee, the court cannot find any reason, much less the "any other reason that justifies relief" recognized by Rule 60(b)(6), and therefore DENIES that portion of Progressive's motion challenging the award of a fee. Even if Progressive were not time-barred from attacking the judgment of December 30, 2008, its motion would be denied on the merits.

Insofar as Progressive objects to the amount of the requested fee, as reduced by the guardian ad litem himself, Progressive shall by **4:30 P.M., February 13, 2009**, file an affidavit or affidavits by a lawyer or lawyers licensed to practice in this court, stating their opinion or opinions as to a reasonable hourly rate in this market for a lawyer with this particular guardian ad litem's background and experience, and what a reasonable number of hours for discharging his responsibilities in this case should have been, together with a rationale as to how the affiant or affiants arrived at the appropriate number of lawyer hours.

When fixing a lawyers' fee this court does not make its decision based on blanket criticisms of the requested fee from the objecting party.

DONE this 6th day of February, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE